# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOSHUA K. BREWER,

    Plaintiff,

v.                                         1:19-cv-01073-JTN-PJG

CENTRAL PORTFOLIO CONTROL, INC.,

    Defendant.

---

NATHAN C. VOLHEIM (IL #6302103)
TAXIARCHIS HATZIDIMITRIADIS (IL #6319225)
AHMAD T. SULAIMAN
SULAIMAN LAW GROUP, LTD.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 575-8181
f: (630) 575-8188
nvolheim@sulainmanlaw.com
thatz@sulaimanlaw.com
ahmad.sulaiman@sulaimanlaw.com
*Attorneys for Plaintiff*

---

## **PARTIES' JOINT STATUS REPORT**

Plaintiff JOSHUA K. BREWER, and Defendant CENTRAL PORTFOLIO CONTROL, INC., by and through their respective counsel, in accordance with the Court's Order Regarding Preparation of Joint Status Report (E.C.F. No. 8), hereby submit their joint status report as follows:

A Rule 16 Scheduling Conference, per the Court's Order Regarding Preparation of Joint Status Report (E.C.F. No. 8), has not been set by the Court.

1. **Jurisdiction:** The basis for the Court's jurisdiction is 28 U.S.C. §1331 (federal question jurisdiction), based on Plaintiff's claims under the Fair Debt Collection Practices Act ("FDCPA"), the Telephone Consumer Protection Act ("TCPA"), and under 28 U.S.C. §1332(a) (diversity jurisdiction) based on the domiciles of the parties and the plausible amount in controversy. Defendant reserves the right to objection to jurisdiction based upon any lack of constitutional standing.

2. **Jury or Non-Jury:** This case is to be tried before a jury based on Plaintiff's demand for a jury trial and Defendants' reliance on said demand.

3. **Judicial Availability:** The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial and to order the entry of a final judgment.

4. **Statement of the Case:** This case involves alleged violations of the FDCPA under 15 U.S.C. §1692 *et seq.* and the TCPA under 47 U.S.C. §227. Defendant denies that it called Plaintiff using any automated dialing system and denies that Plaintiff ever told it to stop calling. Thus, at this time, the issues are as follows: (1) Did Defendant call Plaintiff using an automated dialing system as defined by the TCPA without consent, (2) Did Plaintiff advise Defendant to stop calling him, and (3) Did Defendant continue to call Plaintiff in violation of either the TCPA or FDCPA.

5. **Prospects of Settlement:**

Plaintiff, via counsel, has tendered a settlement demand to Defendant. The undersigned defense counsel has communicated the offer to Defendant, but there is no counteroffer at this time. Defendant is providing audio recordings to Plaintiff's counsel, which it believes refutes the claim that Plaintiff asked Defendant to stop calling.

6. **Pendent State Claims:** This case does include a pendent state claim under the Michigan Occupation Code.

7. **Joinder of Parties and Amendment of Pleadings:** The parties propose to file any motions to amend the pleadings or add additional parties, if necessary, by April 1, 2020.

8. **Disclosures and Exchanges:**

   (a) Fed. R. Civ. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise. The parties propose the following schedule for Rule 26(a)(1) disclosures: exchange on or before February 26, 2020.

   (b) Plaintiff expects to be able to furnish the names of any expert witness(es) by June 5, 2020. Defendants expects to be able to furnish the names of Defendant's expert witness(es) by June 19, 2020.

   (c) It would be advisable in this case to exchange written expert witness reports as contemplated by Fed. R. Civ. P. 26(a)(2). Reports, if required, should be exchanged according to the following schedule:

   Plaintiff's expert report(s) on or before June 19, 2020; and

   Defendants' expert report(s) on or before July 3, 2020.

   (d) The parties have agreed to make available the following documents without the need of a formal request for production:

   From Plaintiff to Defendant by:
   - N/A.

   From Defendant to Plaintiff by:
   - Defendant is providing audio recordings to Plaintiff's counsel.

9. **Discovery:** The parties believe that all discovery proceedings can be completed by June 18, 2020. The parties recommend the following discovery plan as contemplated by Fed. R. Civ. P. 26(f):

   (A) The parties will make initial disclosures as stated in Section 8 of this Joint Status Report.

    (B)    Discovery is needed on the subjects of both liability and damages. Discovery should be completed by the date stated in this section of this Joint Status Report. At this time, the parties do not see a reason for discovery to be conducted in phases.

    (C)    At this time, the parties do not anticipate any issues associated with electronically stored information.

    (D)    At this time, the parties do not anticipate any issues with respect to claims of privilege or work-product, but will assert these claims as (if) they arise in this action.

    (E)    At this time, the parties do not see any changes that should be made to the limitations of discovery.

    (F)    At this time, the parties do not know of any other orders the court should presently issue under Rule 26(c) or Rule 16.

10.    **Disclosure or Discovery of Electronically Stored Information:** The parties have discussed the production of electronically stored information and suggest that such information be handled as follows:

The parties presently anticipate that each may have minimal electronically stored information, and agree that electronically stored information shall be disclosed in either pdf or its native format, or any other format that the parties later agree upon.

11.    **Assertion of Claims of Privilege or Work-Product Immunity After Production:**

The parties agree to the following procedure: If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may

promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

**Motions:**

The parties acknowledge that a pre-motion conference is required before filing any dispositive motion, and no motion papers shall be filed until the motion has been fully briefed. See Judge Neff's Information and Guidelines for Civil Practice, located on this Court's website, www.miwd.uscourts.gov. The parties acknowledge that W.D. Mich. L. Civ. R. 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel or pro se parties involved in the dispute shall confer in a good-faith effort to resolve the dispute. In addition, all nondispositive motions shall be accompanied by a separately filed certificate.

The following dispositive motions are contemplated by each party:

Plaintiff's Motion for Summary Judgment; and

Defendant's Motion for Summary Judgment.

The parties anticipate that all pre-motion conference requests will be filed within 45 days of discovery closing.

12.   **Alternative Dispute Resolution:**  In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution.

It would then be the parties' preference not to conduct alternative dispute resolution at this time, but the parties request a settlement conference sometime after the close of discovery and before trial

13. **Length of Trial:**  Counsel estimate that the trial in this matter will last approximately two days total, allocated as follows: one day for Plaintiff's case, and one day for Defendant's case.

14. **Electronic Document Filing System:**  Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule.  The court expects all counsel to abide by the requirements of this rule.

15. **Other:**  The parties are currently unaware of any other special characteristics which need to be addressed at this time.

Dated: February 11, 2020                                          Respectfully submitted,

  /s/ Nathan C. Volheim                           /s/ Michael S. Poncin
NATHAN C. VOLHEIM (IL #6302103)      Michael S. Poncin (MN 0296417)
SULAIMAN LAW GROUP, LTD.                  Moss & Barnett
2500 South Highland Ave., Suite 200            150 South Fifth Street
Lombard, Illinois 60148                                Suite 1200
(630) 575-8181                                              Minneapolis, MN 55402
f: (630) 575-8188                                         612-877-5290
nvolheim@sulainmanlaw.com                    612-877-5056 (fax)
*Attorneys for Plaintiff*                               Mike.poncin@lawmoss.com
                                                                   *Attorneys for Defendant*